## Mane Estate

*Charles M. Weisman* and *Wexler, Mulder & Weisman,* for petitioner.

*Weisberg & Gumnit,* contra.

KLEIN, P. J., June 15, 1962.—Michael G. Mane died July 3, 1961, leaving a will which was admitted to probate August 15, 1961, when letters testamentary issued to Anthony Karis and Thomas Taskie, executors named therein.

On April 2, 1962, Dr. Samuel Meyers filed a petition alleging that he is a creditor of the estate for services rendered as a physician in decedent's last illness. He alleged, further, that although more than six months have expired since the granting of letters, the executors have not filed an account. A citation was issued, directed to the two executors, to show cause why they should not file an account of their administration.

An answer was filed by the executors in which no denial is made of the basic averments of the petition. They aver, however, as new matter, that:

"4. The estate of Michael G. Mane, deceased, is insolvent and has no liquid assets from which to pay bills. Efforts are being made to marshal assets which were a ½ interest in the partnership without destroying the remaining ½ interest. As soon as these can be made available, all creditors whose claims can be proved will be paid."

Is this averment sufficient to warrant granting the executors further delay in filing an account? We think not.

Section 701 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended August 17, 1951, P. L. 1258, makes it mandatory for a personal representative to file an account. The section provides:

". . . every personal representative shall file an ac-

count of his administration at the expiration of six months from the first complete advertisement of the original grant of letters or when directed to do so by the court, and may be cited to file an account at any time after the expiration of that period . . ."

Under this provision of the act, the courts will generally order the personal representative to file an account upon the petition of a party in interest, whether he be a beneficiary under a will, one of the next-of-kin entitled to take under the intestate laws, where decedent died intestate, or, as in the present case, a creditor. See cases cited in Hunter Pa. O. C. Commonplace Book (2d Ed.), Vol. 2, p. 358. When the petitioner is a creditor, all that is required of him is that the averments set forth in his petition reveal enough facts to make out a prima facie claim, without submitting detailed proofs. See Bennicas Estate, 79 D. & C. 299 (1951); Cleveland Estate, 4 Fiduc. Rep. 658 (1954); Thompson's Estate, 20 D. & C. 669 (1934).

A direction by the court to the personal representative to file an account upon the petition of a proper party in interest, after the period of six months fixed by the statute has elapsed, is the general rule; refusal to enter such an order is the exception.

This court recently, in Malvestuto Estate, 25 D. & C. 2d 686 (1962), and in Barr Estate, 25 D. & C. 2d 739 (1962), refused to follow the general rule to direct the filing of accounts. The facts in both of these cases were most unusual and must be regarded as sui generis. In each case, the petitioner was the hospital in which the decedent died. The only asset of value in each case was decedent's home, which was left to a son who paid or offered to pay in full the bill submitted by the hospital upon the mother's death. Subsequently, the hospital in each case presented a second and larger bill based upon records which had been altered after the original bills had been submitted. In view of the doubtful nature of

the claims themselves, and because no other good reason existed for filing accounts, we ruled that we would not direct the filing of accounts, which would entail considerable additional costs and expenses, until the hospital had reduced its claims to judgments in the county court. We said nothing in either of these two cases which could be construed as a refusal to recognize the statutory duty of a personal representative to account for his administration of decedent's estate, except under unusual circumstances where the filing of an account might result in unnecessary hardship.

The executors in the present case have failed to set forth anything in their answer which would relieve them of the duty of filing an account at this time. On the contrary, their averment that the estate is insolvent clearly indicates that creditors and not legatees are primarily concerned in the manner in which the estate is being handled. No good reason exists why they should not forthwith make a full and complete disclosure of their stewardship, showing not only all of the assets of the estate, but also the manner in which they are being administered.

We, therefore, enter the following

### Decree

And now, June 15, 1962, Anthony Karis and Thomas Taskie, executors of the estate of Michael G. Mane, deceased, are directed to file an account of their administration of decedent's estate within 30 days from the date of this decree.